IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY LEROY DAVIS,**

    **Plaintiff,**

    v.                                CASE NO. 21-3236-SAC

**DANIEL L. SCHNURR, et al.,**

    **Defendants.**

## O R D E R

Plaintiff, Anthony LeRoy Davis, is a state prisoner housed at Hutchinson Correctional Facility (HCF). Plaintiff filed this action alleging violation of the Americans with Disabilities Act against defendants Dan Schnurr, Warden of HCF; Debra Lundry, Kansas State Board of Health Arts; Jennifer Davisson, Kansas Department of Corrections; and Derek Schmidt, Kansas Attorney General. Plaintiff generally alleges discrimination on the basis of his race, religion, sex, national origin, and disability, as well as a failure to accommodate a disability and retaliation.

Plaintiff has filed an in forma pauperis affidavit and a letter with his Complaint stating that the facility would be sending the Court a $5.00 money order. He has not paid the filing fee.

Plaintiff has long been subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, as Plaintiff has been repeatedly advised, he may proceed in forma pauperis only if

---

[1] *See Davis v. Bacon*, 234 F. App'x 872, 2007 WL 1454437 *2 (10th Cir. 2007) (dismissing plaintiff's appeal as frivolous and finding plaintiff now has three qualifying strikes under 28 U.S.C. § 1915(g)).

he establishes a threat of imminent danger of serious physical injury. *Id*. The Court has examined the Complaint and finds no showing of imminent danger of serious physical injury.

Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $402.00 district court filing fee[2] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

Plaintiff has also filed a motion to appoint counsel (ECF No. 5) and a motion for issuance of summons (ECF No. 6). Both motions are denied as premature since Plaintiff has not paid the filing fee.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **November 22, 2021,** to submit the $402.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 5) and motion for issuance of summons (ECF No. 6) are **denied**.

**IT IS SO ORDERED**.

**Dated on this 22nd day of October, 2021, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $50.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.