# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ANTHONY LEROY DAVIS,**

      **Plaintiff,**

      v.                         **CASE NO.  21-3236-SAC**

**DANIEL L. SCHNURR, et al.,**

      **Defendants.**

## O R D E R

Plaintiff, Anthony Leroy Davis, is a state prisoner housed at Hutchinson Correctional Facility (HCF).  Plaintiff filed this action alleging violation of the Americans with Disabilities Act against defendants Dan Schnurr, Warden of HCF; Debra Lundry, Kansas State Board of Health Arts; Jennifer Davisson, Kansas Department of Corrections; and Derek Schmidt, Kansas Attorney General.  Plaintiff generally alleges discrimination on the basis of his race, religion, sex, national origin, and disability, as well as a failure to accommodate a disability and retaliation.

The Court entered an Order (Doc. 7) finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g).  The Court examined the Complaint and Plaintiff's other filings and found no showing of imminent danger of serious physical injury.  The Court also granted Plaintiff until November 22, 2021, to submit the $402.00 filing fee.  The Court's Order provided that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice."  (Doc. 7, at 3.)

Plaintiff has filed multiple responses to the Court's Order, as well as multiple motions. One of the motions filed by Plaintiff requests reassignment of the case to a different judge (Doc. 10).  He bases his motion on a Kansas statute that is inapplicable in federal court.   Plaintiff

questions the fairness of the undersigned.  He provides no affidavit or support for his claim that the undersigned is not a "fair judge."

There are two statutes governing judicial recusal in federal court, 28 U.S.C. §§ 144 and 455.  *Burleson v. Spring PCS Group*, 123 F. App'x 957, 959 (10th Cir. 2005).  For recusal under § 144, the moving party must submit an affidavit showing bias and prejudice.  *Id*. (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)).  The bias and prejudice must be personal, extrajudicial, and identified by "facts of time, place, persons, occasions, and circumstances."  *Id*. at 960 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)).  These facts will be accepted as true, but they must be more than conclusions, rumors, beliefs, and opinions. *Id*. Without an affidavit showing bias or prejudice and proper identification of events indicating a personal and extrajudicial bias, Plaintiff does not support a request for recusal under 28 U.S.C. § 144.

Under 28 U.S.C. § 455(a) and (b)(1) a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(a) and (b)(1).  Section (b)(1) is subjective and contains the "extrajudicial source" limitation.  *See Liteky v. United States*, 510 U.S. 540 (1994).  Recusal may be appropriate "when a judge's decisions, opinions, or remarks stem from an extrajudicial source—a source outside the judicial proceedings."  *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing *Liteky*, 510 U.S. at 554–55).  Recusal is also necessary when a judge's actions or comments "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."  *Id*. (quoting *Liteky*, 510 U.S. at 555).

Section 455(a) has a broader reach than subsection (b) and the standard is not subjective, but rather objective.  *See Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995) (citing *Liljeberg v.*

*Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988) and *Liteky*, 510 U.S. at 548).  The

factual allegations need not be taken as true, and the test is "whether a reasonable person, knowing

all the relevant facts, would harbor doubts about the judge's impartiality." *Id.* at 350–51 (quoting

*United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)); *Burleson*, 123 F. App'x at 960.  A

judge has a "'continuing duty to ask himself what a reasonable person, knowing all of the relevant

facts, would think about his impartiality.'" *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th

Cir. 1994) (quoting *United States v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982)).  "The goal of

section 455(a) is to avoid even the appearance of partiality." *Liljeberg*, 486 U.S. at 860.

The initial inquiry—whether a reasonable factual basis exists for questioning the judge's

impartiality—is limited to outward manifestations and the reasonable inferences to be drawn from

those manifestations.  *Nichols*, 71 F.3d at 351 (citing *Cooley*, 1 F.3d at 993).  "[T]he judge's actual

state of mind, purity or heart, incorruptibility, or lack of partiality are not the issue." *Id.*  (quoting

*Cooley*, 1 F.3d at 993).  "The trial judge must recuse himself when there is the appearance of bias,

regardless of whether there is actual bias." *Bryce v. Episcopal Church of Colo.*, 289 F.3d 648, 659

(10th Cir. 2002) (citing *Nichols*, 71 F.3d at 350).

The Tenth Circuit has cautioned that "section 455(a) must not be so broadly construed that

it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated

suggestion of personal bias or prejudice." *Cooley*, 1 F.3d at 993 (quoting *Franks v. Nimmo*, 796

F.2d 1230, 1234 (10th Cir. 1986)).  A judge has "as much obligation . . . not to recuse when there

is no occasion for him to do so as there is for him to do so when there is." *David v. City & Cnty.*

*of Denver*, 101 F.3d 1344, 1351 (10th Cir. 1996) (quotation omitted); *Greenspan*, 26 F.3d at 1005

(citation omitted).  Judges have a duty to sit when there is no legitimate reason to recuse. *Bryce*,

289 F.3d at 659; *Nichols*, 71 F.3d at 351.  Courts must exercise caution in considering motions for

recusal in order to discourage their use for judge shopping or delay. *Nichols*, 71 F.3d at 351 (noting that § 455(a) is not "intended to bestow veto power over judges or to be used as a judge shopping device"); *Cooley*, 1 F.3d at 993 (noting that Congress was concerned that § 455(a) might be abused as a judge-shopping device).

The Supreme Court has explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. When no extrajudicial source is relied upon as a ground for recusal, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

The Court finds that no reasonable person would believe that the undersigned's previous rulings implicate the level of "deep-seated favoritism or antagonism" that would make recusal proper. Knowing all of the relevant facts, no reasonable person could harbor doubts about the undersigned's impartiality. Because the undersigned has a duty to sit and hear this case where there is no legitimate reason for recusal, Plaintiff's request to have this case reassigned is denied.

Plaintiff has also filed a Motion for Leave to Amend Complaint and a proposed Amended Complaint (Doc. 13). The motion is granted. However, the Court has examined the Amended Complaint and finds no showing of imminent danger of serious physical injury as required to overcome the three-strikes bar.

Further, none of Plaintiff's responses to the Court's Order include an argument that Plaintiff made the showing of imminent danger required by statute to overcome the three-strikes bar on proceeding in forma pauperis. Rather, Plaintiff primarily complains about the unfairness of the three-strikes provision and the undersigned. If Plaintiff is attempting to challenge the

constitutionality of the three-strikes provision, the Tenth Circuit long ago rejected such a challenge. *See White v. State of Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998).

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

The time in which Plaintiff was required to submit the filing fee has passed. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

All other motions filed by Plaintiff are denied as moot given the dismissal of this case.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reassign Case (Doc. 10) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (Doc. 13) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's other pending motions (Docs. 11, 15, 16, 17, and 21) are **denied** as moot.

**IT IS SO ORDERED**.

**Dated December 7, 2021, in Topeka, Kansas.**


　　　　　　　　　　　　　　**s/ Sam A. Crow**
　　　　　　　　　　　　　　**SAM A. CROW**
　　　　　　　　　　　　　　**U. S. Senior District Judge**